# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **YOLANDA GUERRERO AND** | § | |
| **FIDENCIO GUERRERO** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. _____** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant.** | § | |

---

**INDEX OF MATTERS BEING FILED**
**AND LIST OF ALL COUNSEL OF RECORD**

---

Defendant State Farm Lloyds ("Defendant") submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas.   Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1.   Index of Matters Being Filed and List of All Counsel of Record;

2.   Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

   A.   Plaintiffs' Original Petition, filed August 26, 2019 (attached as Exhibit 1-A);

   B.   Service to Defendant on September 3, 2019 (attached as Exhibit 1-B);

   C.   Defendant's Original Answer to Plaintiff's Original Petition and Verified Plea in Abatement, filed September 26, 2019 (attached as Exhibit 1-C);

   D.   Defendant's First Amended Answer to Plaintiffs' Original Petition and Verified Plea in Abatement, filed September 30, 2019 (attached as Exhibit 1-D);

3.   A copy of the state court docket sheet (attached as Exhibit 1-E).

The parties' respective attorneys are as follows:

A.      ATTORNEYS FOR PLAINTIFF:

Stephen P. Carrigan
David M. Anderson
CARRIGAN & ANDERSON, PLLC
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
361.884.4433 Phone
361.884.4434 Fax
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com

B.      ATTORNEYS FOR DEFENDANT:

Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
RAMÓN | WORTHINGTON, PLLC
900 Kerria Ave.
McAllen, Texas 78501
(956) 294-4800 - Phone
ecantu@ramonworthington.com
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**
Sofia A. Ramon
Fed. ID No. 20871/State Bar No. 00784811
Dan K. Worthington
Fed. ID No. 15353/State Bar No. 00785282
Sarah A. Nicolas
Fed. ID No. 32122/State Bar No. 24013543
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
RAMÓN | WORTHINGTON, PLLC
900 Kerria Ave.
McAllen, Texas 78501
(956) 294-4800 - Phone
efile@ramonwothington.com

Dated: October 1, 2019.

# EXHIBIT 1-A

S-19-5838CV-A

CAUSE NO._____

| | | |
|---|---|---|
| YOLANDA GUERRERO AND | § | **IN THE DISTRICT COURT OF** |
| FIDENCIO GUERRERO | § | |
| Plaintiffs, | § | |
| | § | **SAN PATRICIO COUNTY, TEXAS** |
| v. | § | |
| | § | San Patricio County - 36th District Court |
| | § | |
| STATE FARM LLOYDS | § | _____ **JUDICIAL DISTRICT** |
| Defendant. | § | |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Yolanda Guerrero and Fidencio Guerrero ("Plaintiffs" or "Guerrero"), and files this *Plaintiffs' Original Petition*, complaining of State Farm Lloyds ("Lloyds" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of its suit.

### PARTIES

2.   Plaintiffs Yolanda Guerrero and Fidencio Guerrero are individuals residing in San Patricio County.

Filed 8/26/2019 12:00 AM
Heather B. Marks
District Clerk
San Patricio County, Texas

Processed On: 8/28/2019 8:54 AM
By:Melinda Barrientes, Deputy Clerk

3.   Defendant State Farm Lloyds ("Lloyds") is a domestic insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, via certified mail, return receipt requested, by serving its registered agent, Corporation Service Company 211 E. 7th St., Ste. 620, Austin, Texas 78701.

## JURISDICTION

4.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.   The Court has jurisdiction over Defendant Lloyds because the defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of the defendant's business activities in the State of Texas.

## VENUE

6.   Venue is proper in San Patricio County, Texas, because the insured property is situated in San Patricio County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.   Plaintiffs are the owner of a Texas Homeowners Insurance Policy number 83-91-9900-9 (hereinafter referred to as "the Policy"), which was issued by State Farm Lloyds.

8.   Plaintiffs own the insured property, which is specifically located at 7675 FM 2046, Sinton, TX 78387-9753, in San Patricio County (hereinafter referred to as "the Property").

9.   State Farm Lloyds sold the Policy insuring the Property to Plaintiffs.

10.   On or about August 25, 2017, a massive hurricane struck San Patricio County, Texas, causing significant damage to many homes and businesses throughout the region,

including Plaintiffs property. Plaintiff's roof, interior and exterior elevations sustained extensive damage during the hurricane. Shortly after the hurricane, Plaintiffs submitted a claim to Lloyds against the Policy for the damage to the Property sustained as a result of the storm. Plaintiffs asked that Lloyds cover the cost of repairs to the Property pursuant to the Policy.

11.     The claim number assigned by Lloyds is 531221P51.

12.     Defendant Lloyds assigned an adjuster to the claim. The adjuster assigned to Plaintiffs claim was improperly trained and failed to perform a reasonable or adequate inspection of the damages. During the course of the inspection, the adjuster made the executive decision to deny most of Plaintiffs covered damages. This is evidenced by the adjuster's estimate which severely undervalued and/ or omitted the damages to both the exterior and interior of the home. Defendant Lloyds denied coverage to much of Plaintiffs outbuildings, interior and exterior damage and failed to fully compensate for damage to the roof and exterior elevations. To date, Plaintiffs have not received the full payment amount due under the Policy, nor have they received any explanation from Defendant as to why they ultimately issued underpayment of Plaintiff's damages.

13.     As a result of the unreasonable investigation of Plaintiff's claim (including not providing full coverage for the damages sustained by Plaintiffs and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiffs to repair its property), Plaintiff's claim was improperly and unreasonably adjusted. The mishandling of Plaintiff's claim has also caused a delay in their ability to make necessary repairs to the Property, which has resulted in additional and consequential damages. To

date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

14.  As detailed in the paragraphs below, Lloyds wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Lloyds underpaid some of Plaintiffs claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during the investigation.

15.  To date, Lloyds continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid the full amount for the damages to their property.

16.  Defendant Lloyds failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Lloyds's conduct constitutes a breach of the insurance contract between Lloyds and Plaintiffs.

17.  Defendant Lloyds misrepresented to Plaintffs that much of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Lloyds' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.  Defendant Lloyds failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant Lloyds's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.     Defendant Lloyds failed to explain to Plaintiffs the reasons for their offer of an
        inadequate settlement.  Specifically, Defendant Lloyds failed to offer Plaintiffs adequate
        compensation, without any valid explanation why full payment was not being made.
        Furthermore, Defendant Lloyds did not communicate that any future settlements or
        payments would be forthcoming to pay for the entire losses covered under the Policy, nor
        did they provide any explanation for the failure to adequately settle Plaintiff's claim.
        Defendant Lloyds' conduct constitutes a violation of the Texas Insurance Code, Unfair
        Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20.     Defendant Lloyds refused to fully compensate Plaintiffs, under the terms of the Policy,
        even though Defendant Lloyds failed to conduct a reasonable investigation.  Specifically,
        Defendant Lloyds performed an outcome-oriented investigation of Plaintiff's claim,
        which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the
        Property.  Defendant Lloyds's conduct constitutes a violation of the Texas Insurance
        Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21.     Defendant Lloyds failed to meet its obligation under the Texas Insurance Code regarding
        timely acknowledging Plaintiffs' claim, beginning and investigation of Plaintiff's claim
        and requesting all information reasonably necessary to investigate Plaintiff's claim,
        within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant
        Lloyds' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement
        Practices. TEX. INS. CODE §542.055.

22.     Defendant Lloyds failed to accept or deny Plaintiff's full and entire claim within failed to
        accept or deny Plaintiff's full and entire claim within the statutorily mandated time of

receiving all necessary information. Lloyds' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23.     Defendant Lloyds failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiffs have not received full payment for the claim. Lloyds's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24.     From and after the time Plaintiffs claim was presented to Defendant Lloyds, the liability of Lloyds to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Lloyds has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Lloyds' conduct constitutes a breach of the common law duty of good faith and fair dealing.

25.     Defendant Lloyds knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

26.     As a result of Defendant Lloyds' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

**CAUSES OF ACTION:**

**CAUSES OF ACTION AGAINST LLOYDS**

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES**

27.     Defendant Lloyds is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

28.     Defendant Lloyds' conduct constitutes a breach of the insurance contract made between Lloyds and Plaintiffs.

29.     Defendant Lloyds' failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Lloyds's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

30.     Defendant Lloyds' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

31.     Defendant Lloyds' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

32.     Defendant Lloyds' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Lloyds' liability under the Policy was reasonably clear, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

33.    Defendant Lloyds' unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

34.    Defendant Lloyds' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35.    Defendant Lloyds' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

36.    Defendant Lloyds' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

37.    Defendant Lloyds' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as

described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

38.    Defendant Lloyds' failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

39.    Defendant Lloyds' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40.    Defendant Lloyds' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

41.    Defendant Lloyds' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Lloyds knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

42.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs damages described herein.

## DAMAGES

43.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

44.     As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Lloyds' mishandling of Plaintiff's claim in violation of the laws set forth above.

45.     For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

46.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

47.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

48.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

Page 10

49.     For the prosecution and collection of its claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of its action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

50.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in San Patricio County, Texas.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

51.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of its case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled. In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

Respectfully submitted,

CARRIGAN & ANDERSON, PLLC

/s/David M. Anderson
**David M. Anderson**
State Bar No. 24064815
**Stephen P. Carrigan**
State Bar No. 03877000
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com

**ATTORNEYS FOR PLAINTIFFS**



*Heather B. Marks*
*District Clerk*
*San Patricio County*
*P.O. Box 1084*
*Sinton, TX 78387-1084*

7018 3090 0002 1882 7347



U.S. POSTAGE PITNEY BOWES

ZIP 78387  $ 007.60⁰
02 4W
0000348336 AUG 29. 2019

**State Farm Lloyds,**
**by serving its Registered Agent,**
**Corporation Service Company**
**211 E. 7TH St., Ste 620**
**Austin, Texas 78701**



CORPUS CHRISTI TX 784    THU 29 AUG 2019    PM

# EXHIBIT 1-B



**null / ALL**
**Transmittal Number: 20337276**
**Date Processed: 09/04/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Yolanda Guerrero vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | San Patricio County District Court, TX |
| **Case/Reference No:** | S-19-5838CV-A |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/03/2019 |
| **Answer or Appearance Due:** | 10:00 a.m. on the Monday next following the expiration of 20 days after served citation |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | David M. Anderson<br>361-884-4433 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

HEATHER B. MARKS
SAN PATRICIO DISTRICT CLERK
P.O. BOX 1084
SINTON, TX 78387



DAVID M. ANDERSON
CARRIGAN & ANDERSON, PLLC
101 N. SHORELINE BLVD.
SUITE 420
CORPUS CHRISTI, TX 78401

### CITATION BY CERTIFIED MAIL



TO:   **STATE FARM LLOYDS**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**211 E. 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701**

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not  file a written answer with the clerk who issued the citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

Said ANSWER may be filed by mailing same to:  District Clerk of San Patricio County, P.O. Box 1084, Sinton, TX 78387 or by bringing it to the District Clerk's Office located on the second floor of the Courthouse at 400 W. Sinton St., Sinton, TX.  The said petition was filed in this case on August 26, 2019, numbered **S-19-5838CV-A** on the docket of said Court, and styled,

**YOLANDA GUERRERO AND FIDENCIO GUERRERO, Plaintiffs**
v.
**STATE FARM LLOYDS, Defendant**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Sinton, Texas, this on this the 29th day of August, 2019.

Heather B. Marks, District Clerk
San Patricio County, Texas

By: _____
Melinda Barrientes, Deputy

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL
Came to hand on the 29th day of August, 2019 at 12:45pm and executed the 29th day of August 2019 by mailing the same to STATE FARM LLOYDS (REGISTERED AGENT: CORPORATION SERVICE COMPANY**)**, Defendant by certified mail, return receipt requested, a true copy of this citation with a copy of the petition attached thereto.

HEATHER B. MARKS, District Clerk
SAN PATRICIO COUNTY

BY: _____
Melinda Barrientes, Deputy

# EXHIBIT 1-C

CAUSE NO. S-19-5838CV-A

| | | |
|---|---|---|
| YOLANDA GUERRERO AND FIDENCIO GUERRERO | § § § | IN THE DISTRICT COURT |
| v. | § § | 36TH JUDICIAL DISTRICT |
| STATE FARM LLOYDS | § § | SAN PATRICIO COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME, **STATE FARM LLOYDS**, Defendant in the above styled and numbered cause, and files this Original Answer and Affirmative Defenses to Plaintiffs' Original Petition, and in support thereof would respectfully show the Court the following:

## I.
## GENERAL DENIAL

1.     Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiffs' Original Petition and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

## II.
## AFFIRMATIVE DEFENSES

2.     Defendant denies that notice and/or proof of loss or claim for damages has been given as required by the Texas Insurance Code.  Specifically, Plaintiffs have failed to provide notice as required by Tex. Ins. Code §541.154 and §542A.003.  Specifically, Plaintiffs sent State Farm a letter dated August 22, 2018 that failed to comply with Section 542A.003(b) because (1) Plaintiffs failed to provide State Farm sufficient notice of the specific facts that give rise to Plaintiffs' complaint instead

*Defendant's Original Answer*                                                                        1

Processed On: 9/26/2019 10:20 AM
By:Melinda Barrientes, Deputy Clerk

Filed 9/26/2019 9:54 AM
Heather B. Marks
District Clerk
San Patricio County, Texas

reciting general violations as set out by the Texas Insurance Code, (2) Plaintiffs state their contract damages are $20,000.00 for repairs to the loss, but also reserve the right to adjust those amounts at a later time (3) Plaintiffs also failed to provide the hourly rate and number of hours used to calculate incurred attorney's fees.  Plaintiffs state they have incurred $1,750.00 in attorney's fees but failed to provide the hourly rate or number of hours used to calculate the amount of reasonable and necessary attorney's fees incurred, as required by TEX. INS. CODE §542A.003.

3.      State Farm Lloyds pleads the limitations on Plaintiffs' possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiffs not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiffs be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm Lloyds further pleads all other limitations on Plaintiffs' possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

4.      Defendant pleads TEX. INS. CODE §542A.007(d) and asserts it was not provided, but was entitled to, pre-suit notice regarding attorney's fees and their method of calculation, as set out by TEX. INS. CODE §542A.003(b)(2), at least 61 days before the date the action was filed by claimants, and thus this Defendant seeks the Court deny any award of attorney's fees to Plaintiffs, incurred after the date the Defendant files this pleading with the Court.

5.      Plaintiffs also failed to timely provide the statutorily required notice to Defendant prior to filing this lawsuit, as they failed to serve them with notice of the specific complaint and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person. TEX. INS. CODE §541.154.

6.      Defendant denies Plaintiffs have performed the conditions precedent to bringing suit.

7.     Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated Chapter 541 of the Texas Insurance Code as alleged by Plaintiffs.

8.     Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated Chapter 542 of the Texas Insurance Code as alleged by Plaintiffs.

9.     Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it knowingly violated Chapter 541 or 542 of the Texas Insurance Code as alleged by Plaintiffs.

10.    Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it intentionally violated Chapter 541 or 542 of the Texas Insurance Code as alleged by Plaintiffs.

11.    State Farm specifically denies that it has breached the policy of insurance issued to Plaintiffs in any respect.

12.    State Farm specifically denies that Plaintiffs sustained a loss covered under their policy of insurance.

13.    State Farm specifically denies that it has breached the duty of good faith and fair dealing in any respect.

14.    State Farm specifically denies that any misrepresentations were made regarding the facts or policy provisions relating to coverage under the policy issued by State Farm to Plaintiffs.

15.    State Farm specifically denies that it made any actionable misrepresentation to Plaintiffs.

16.    State Farm specifically denies that it knowingly and intentionally violated the Texas Insurance Code.

17.    State Farm asserts that Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs did not result from, and was not proximately caused by, any wrongful conduct on the part of State Farm.

18.    Because Plaintiffs failed to satisfy one or more conditions precedent to recovery, Defendant State Farm is excused from performing under the contract.

19.     Accordingly, Plaintiffs have no cause of action against Defendant for which relief can be granted. Such failures include, but are not limited to the following:  Plaintiffs' failed to promptly notify Defendant about some or all of the alleged damages, Plaintiffs have specifically failed to prove their alleged damages are losses covered under the policy and/or they have failed to segregate the portion of their alleged damages that are covered from the portion that is not covered.

20.     State Farm asserts Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs in connection with the complained-of transaction was caused by Plaintiffs' failure to mitigate damages.

21.     Plaintiffs' causes of action also fail because there exists a *bona fide* and legitimate dispute between State Farm and Plaintiffs with regard to the legal construction of certain policy provisions and exclusions and the nature, extent and cause of damages.

22.     State Farm specifically denies that liability was reasonably clear.

23.     Defendant further pleads that Plaintiffs are unable to establish by clear and convincing evidence that Defendant acted with malice; therefore, under Section 41.001(7) of the Texas Civil Practices and Remedies Code, Plaintiffs are not entitled to exemplary and/or punitive damages.  See, e.g., *Smith v. O'Donnell*, 288 S.W. 3d 417, 423-424 (Tex. 2009); see also *Dillard Department Stores, Inc. v. Silva*, 148 S.W. 3d 370, 373-374 (Tex. 2004); *Universal Services Co. v. Ung*, 904 S.W. 2d 638, 640-641 (Tex. 1995).

24.     Further, to any extent Plaintiffs seek any recovery of exemplary and/or punitive damages in this action, the same violates Article I, § 13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates the rights of Defendant to substantive and procedural due process as provided in Article 1, § 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. See *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 433-434 (2001); see also *BMW Corp. of N. America, Inc. v. Gore*, 517 U.S. 559, 562

(1996). Moreover, as a matter of state and federal constitutional law and sound public policy, any findings supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of the evidence.  Cf. TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (2014) (clear and convincing evidentiary standard).

25.    To the extent Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

26.    With respect to Plaintiffs' claims for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Chapter 41 of the Texas Civil Practice & Remedies Code. Defendant reserves the right to seek a bifurcation of any punitive damage issues at the trial of this case as permitted by Chapter 41 of the Texas Civil Practice & Remedies Code.

27.    Plaintiffs' claims under Section 542 of the Texas Insurance Code ("Prompt Payment of Claims") are barred, in whole or in part, because Plaintiffs do not provide a written notice of claim reasonably apprising Defendant of the facts relating to the claim.

28.    Plaintiffs attempt to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiffs have failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 and 542A of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give written notice to a defending party at least sixty (60) days before filing suit.  Plaintiffs' pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit.  See TEX. INS. CODE §541.154(a) and

§542A.003. Plaintiffs have failed to provide Defendant notice as required by Chapter 541 and 542A of the Texas Insurance Code.

29.     Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental, direct, physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental, direct, physical loss during the policy period.

30.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' applicable deductible(s).

31.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments Defendant State Farm has previously made to or on behalf of Plaintiffs under the policy insuring this property for the same damages claimed in this suit, if any.

32.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments Defendant State Farm has made to or on behalf of Plaintiffs under the policy at issue in this lawsuit, arising from the claim made the basis of this lawsuit.

33.     Defendant's liability, if any, is limited to the amount of the policy limits under the policy at issue in this suit, and/or any other clauses contained in the policy sued upon.

34.     Plaintiffs' claims are barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiffs' Original Petition, or latest live pleading, none being admitted, were proximately caused in whole or in part by non-covered losses and/or events and/or at non covered losses by the terms and exclusions of the policy.

35.     Defendant hereby also asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Rental Dwelling Policy regarding personal property, including that the total of all payments for the item shall not exceed the smaller of the following:

1.  Our cost to replace the personal property item at the time of loss;

2.  The full cost of repair;

3.  Any special limit of liability described in the policy;

4.  Any applicable Coverage B limit of liability.

Further, Defendant asserts the loss settlement provision of the policy which stats of the property is not replacement or repaired within two years after the date of loss, we will pay only the cost to repair or replace less depreciation.

36.     Defendant hereby also asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Rental Dwelling Policy, including but not limited to the following:

## SECTION I- LOSSES NOT INSURED

1.      We do not insure for any loss to the property described in Coverage A and Coverage B either consisting of, or directly and immediately caused by, one or more of the following:

> h.      continuous or repeated seepage or leakage of water or steam from a:
>
> > (1) heating, air conditioning or automatic fire protective sprinkler system;
> >
> > (2) household appliance; or
> >
> > (3) plumbing system, including from, within or around any shower stall, shower tub, tub installation, or other plumbing fixture, including their walls, ceilings or floors
>
> which occurs over a period of time.
>
> i.      wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
>
> j.      rust, mold, or wet or dry rot;
>
> m.   settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings;

3.     We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss of any other cause of the loss:

b.     defect, weakness, inadequacy, fault or unsoundness in:

(2) design, specifications, workmanship, construction, grading, compaction;

(3) materials used in construction or repair; or

(4) maintenance;

37.     Additionally, Defendant asserts the loss settlement provision of this policy which states in part:

## SECTION I -CONDITIONS

Loss Settlement.  Covered property losses are settled as follows:

a.     Personal property and structures that are not buildings at actual cash value, up to the applicable limit of liability, at the time of loss. There may be deduction for depreciation. We will not pay an amount exceeding that necessary to repair or replace;
b.     Carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings, at actual cash value, up to the applicable limit of liability, at the time of loss. We will not pay an amount exceeding that necessary to repair or replace;
c.     Buildings under Coverage A at replacement cost without deduction for depreciation, subject to the following:
(1)     We will not pay more than the $10,000 limit on Land as provided in SECTION I, ADDITIONAL COVERAGES.
(2)     We will pay the cost of repair or replacement, without deduction for depreciation, but not exceeding the smallest of the following amounts:
(a)     the limit of liability under this policy ap-plying to the building;
(b)     the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or
(c)     the amount actually and necessarily spent to repair or replace the dam-aged building.
(3)     We will pay the actual cash value of the damage to the buildings, up to the policy limit, until actual repair or replacement is completed.

38.     To the extent applicable, Defendant contends Plaintiffs' causes of action fail because Plaintiffs' damages occurred prior to the inception of the policy period at issue in this suit. Pursuant to the policy, coverage is limited to loss which occurs within the time period during which the Policy was in effect:

### SECTION I AND SECTION II - CONDITIONS

1.   Policy Period. This policy applies only to loss under Section I … or property damage under Section II which occurs during the period this policy is in effect.

39.     Defendant asserts Plaintiffs failed to comply with their Duties After Loss in that they failed to give immediate notice of a loss, to the extent they allege property damage not previously reported.

40.     A bona fide/legitimate dispute exists precluding Plaintiffs from recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, violations of the Texas Insurance Code, or under any other statutory or common law authority.

41.     Plaintiffs are precluded from recovering any attorney fees under the doctrine of excessive demand. "The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith …. If a claimant demands monies to which they [sic] are not entitled, that demand is unreasonable and consequently excessive." See *Wayne v. A.V.A. Vending, Inc.*, 52 S.W. 3d 412, 418 (Tex. App. – Corpus Christi 2001, pet. denied) (citing *Findlay v. Cave*, 611 S.W. 2d 57, 58 [Tex. 1981] and *Ingham v. Harrison*, 148 Tex. 380, 385-386, 224 S.W. 2d 1019, 1022 [1949]).m

42.     Defendant also asserts the Suit Against Us provision of the policy which precludes Plaintiffs' suit against Defendant unless there has been compliance with the policy provisions and the action is brought within the time period set out in the policy.

43.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' alleged damages or losses were caused or aggravated by the actions or inactions of Plaintiffs, persons acting on Plaintiffs' behalf, or third parties for whom Defendants are not legally responsible.

44.     In the alternative, and to the extent, if any, that other persons or entities caused any of the damages supposedly sustained by Plaintiffs, then State Farm Lloyds was and is subrogated to Plaintiffs' claims against and entitled to reimbursement from all such other persons or entities by virtue of the payment or payments made or to be made by State Farm Lloyds incident to Plaintiffs' insurance claim.

45.     Defendant demands a trial by jury.

## IV.
## TRCP 193.7 NOTICE

46.     Pursuant to Texas Rules of Civil Procedure 193.7, any and all documents produced by Plaintiffs in response to Defendant's written discovery is intended to be used by Defendant and shall be deemed as properly authenticated for use against Plaintiffs in any pretrial proceeding or trial of this case.

## V.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS** requests judgment of the Court that Plaintiffs takes nothing by this suit, and that Defendant be awarded costs and such other and further relief to which they may be justly entitled.

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800
Facsimile: 956-928-9564

*/s/ Elizabeth Sandoval Cantu*
Dan K. Worthington
State Bar No. 00785282
dworthington@ramonworthington.com
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com

**Electronic Service to:**
efile@ramonworthington.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2019 a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

David M. Anderson
Stephen P. Carrigan
CARRIGAN & ANDERSON, PLLC
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
T: (361) 884-4433
F: (361) 884-4434
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com
*Attorneys for Plaintiffs*

*/s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu

# EXHIBIT 1-D

CAUSE NO. S-19-5838CV-A

| | | |
|---|---|---|
| YOLANDA GUERRERO AND FIDENCIO GUERRERO | § § § | IN THE DISTRICT COURT |
| v. | § § | 36TH JUDICIAL DISTRICT |
| STATE FARM LLOYDS | § § | SAN PATRICIO COUNTY, TEXAS |

---

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS' ORIGINAL PETITION AND VERIFIED PLEA IN ABATEMENT

---

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES STATE FARM LLOYDS, Defendant in the above styled and numbered cause, and files this its First Amended Original Answer to Plaintiffs' Original Petition and Verified Plea in Abatement to Plaintiffs' Original Petition, and in support thereof would respectfully show the Court the following:

### I.     GENERAL DENIAL

1.     Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiffs' Original Petition and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.     VERIFIED DENIAL AND AFFIRMATIVE DEFENSES

2.     Defendant denies that notice and/or proof of loss or claim for damages has been given as required by the Texas Insurance Code.  Specifically, Plaintiffs have failed to provide notice as required by TEX. INS. CODE §541.154 and §542A.003. Specifically, Plaintiffs sent State Farm a letter dated August 22, 2018 that failed to comply with Section 542A.003(b) because (1) Plaintiffs failed to provide

Processed On: 9/30/2019 10:42 AM
By:Rosie Soliz, Deputy Clerk

*Defendant's First Amended Answer and Verified Plea in Abatement*

Filed 9/30/2019 10:35 AM
Heather B. Marks
District Clerk
San Patricio County, Texas
Page 1

State Farm sufficient notice of the specific facts that give rise to Plaintiffs' complaint instead reciting general violations as set out by the Texas Insurance Code, (2) Plaintiffs state their damages are $27,000.00 for repairs to the loss, but also reserves the right to adjust those amounts at a later time (3) Plaintiffs also failed to provide the hourly rate and number of hours used to calculate incurred attorney's fees.  Plaintiffs state they have incurred $1,750.00 in attorney's fees but failed to provide the hourly rate or number of hours used to calculate the amount of reasonable and necessary attorney's fees incurred, as required by TEX. INS. CODE §542A.003.

3.      State Farm Lloyds pleads the limitations on Plaintiffs' possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiffs not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiffs be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm Lloyds further pleads all other limitations on Plaintiffs' possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

4.      Defendant pleads TEX. INS. CODE §542A.007(d) and asserts it was not provided, but was entitled to, pre-suit notice regarding attorney's fees and their method of calculation, as set out by TEX. INS. CODE §542A.003(b)(2), at least 61 days before the date the action was filed by claimants, and thus this Defendant seeks the Court deny any award of attorney's fees to Plaintiffs, incurred after the date the Defendant files this pleading with the Court.

5.      Plaintiffs also failed to timely provide the statutorily required notice to Defendant prior to filing this lawsuit, as they failed to serve them with notice of the specific complaint and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person. TEX. INS. CODE §541.154.

6.      Defendant denies Plaintiffs have performed the conditions precedent to bringing suit. Pursuant to Texas Rule of Civil Procedure 54, and without limitation, Defendant denies that Plaintiffs have provided proper written notice as required by Insurance Code Chapter 542, and has failed to comply with the terms and provisions of the policy, including but not limited to the Suits Against Us provision, has failed to protect the property from further damage, and has failed to make damages claimed in this lawsuit available for inspection. Defendant reserves the right to supplement.

7.      Because Plaintiffs failed to satisfy one or more conditions precedent to recovery, Defendant State Farm is excused from performing under the contract. Pursuant to Texas Rule of Civil Procedure 54, Defendant denies that Plaintiff has complied with all policy terms and conditions, including but not limited to the Suits Against Us provisions, and failed to provide written notice as required by Chapter 542 of the Texas Insurance Code. Defendant reserves the right to amend and supplement this answer.

8.      Defendant specifically denies it violated Chapter 541 of the Texas Insurance Code as alleged by Plaintiffs.

9.      Defendant specifically denies it violated Chapter 542 of the Texas Insurance Code as alleged by Plaintiffs.

10.     Defendant specifically denies it knowingly or intentionally violated Chapter 541 or 542 of the Texas Insurance Code as alleged by Plaintiffs.

11.     Defendant specifically denies that it has breached the policy of insurance issued to Plaintiffs in any respect.

12.     Defendant specifically denies that Plaintiffs sustained a loss covered under their policy of insurance.

13.     Defendant specifically denies that it has breached the duty of good faith and fair dealing in any respect.

14.     Defendant specifically denies that any misrepresentations were made regarding the facts or policy provisions relating to coverage under the policy issued by State Farm to Plaintiffs.

15.     Defendant specifically denies that it made any actionable misrepresentation to Plaintiffs.

16.     Defendant specifically denies that it knowingly or intentionally violated the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

17.     Defendant asserts that Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs did not result from, and was not proximately caused by, any wrongful conduct on the part of State Farm.

18.     Accordingly, Plaintiffs have no cause of action against Defendant for which relief can be granted. Such failures include, but are not limited to the following: Plaintiffs' failed to promptly notify Defendant about some or all of the alleged damages, Plaintiffs have specifically failed to prove their alleged damages are losses covered under the policy and/or they have failed to segregate the portion of their alleged damages that are covered from the portion that is not covered.

19.     Defendant asserts Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs in connection with the complained-of transaction was caused by Plaintiffs' own negligence and/or lack of due diligence.

20.     Plaintiffs' causes of action also fail because there exists a *bona fide* and legitimate dispute between Defendant and Plaintiffs with regard to certain policy provisions and exclusions and the nature, extent and cause of damages.

21.     Defendant specifically denies that liability was reasonably clear.

22.     Defendant further pleads that Plaintiffs are unable to establish by clear and convincing evidence that Defendant acted with malice; therefore, under Section 41.001(7) of the Texas Civil Practices and Remedies Code, Plaintiffs are not entitled to exemplary and/or punitive damages. *See, e.g., Smith v.*

*O'Donnell*, 288 S.W. 3d 417, 423-424 (Tex. 2009); *see also Dillard Department Stores, Inc. v. Silva*, 148 S.W. 3d 370, 373-374 (Tex. 2004); *Universal Services Co. v. Ung*, 904 S.W. 2d 638, 640-641 (Tex. 1995).

23.     Further, to any extent Plaintiffs seek any recovery of exemplary and/or punitive damages in this action, the same violates Article I, § 13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates the rights of Defendant to substantive and procedural due process as provided in Article 1, § 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. *See Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 433-434 (2001); *see also BMW Corp. of N. America, Inc. v. Gore*, 517 U.S. 559, 562 (1996). Moreover, as a matter of state and federal constitutional law and sound public policy, any findings supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of the evidence.  *Cf.* CIV. PRAC. & REM. CODE ANN. § 41.003 (2014) (clear and convincing evidentiary standard).

24.     To the extent Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

25.     With respect to Plaintiffs' claims for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Chapter 41 of the Texas Civil Practice & Remedies Code. Defendant reserves the right to seek a bifurcation of any punitive damage issues at the trial of this case as permitted by Chapter 41 of the Texas Civil Practice & Remedies Code.

26.     Plaintiffs' claims under Section 542 of the Texas Insurance Code are barred, in whole or in part, because Plaintiffs do not provide a written notice of claim.

27.     Plaintiffs attempt to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiffs have failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 and 542A of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give written notice to a defending party at least sixty (60) days before filing suit.  Plaintiffs' pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit. *See* Tex. Ins. Code §541.154(a) and §542A.003. Plaintiffs have failed to provide Defendant notice as required by Chapter 541 and 542A of the Texas Insurance Code.

28.     Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental, direct, physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental, direct, physical loss during the policy period.

29.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' applicable deductible(s).

30.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments Defendant has previously made to or on behalf of Plaintiffs under the policy insuring this property for the same damages claimed in this suit, arising from the claim made the basis of this lawsuit.

31.     Defendant's liability, if any, is limited to the amount of the policy limits under the policy at issue in this suit, and/or any other clauses contained in the policy sued upon.

32.     Plaintiffs' claims are barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiffs' Original Petition, or latest live pleading, none being admitted, were proximately

caused in whole or in part by non-covered losses and/or events and/or at non covered losses by the terms and exclusions of the policy.

33.     Defendant hereby also asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, including but not limited to the following:

### SECTION I- LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces or occurs as a result of any combination of these:

* * *

g.     wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

h.     corrosion, electrolysis or rust;

i.     mold, fungus or wet or dry rot;

3.     We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss of any other cause of the loss:

a.     conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault.

b.     defect, weakness, inadequacy, fault or unsoundness in:

(2) design, specifications, workmanship, construction, grading, compaction;

(3) materials used in construction or repair; or

(4) maintenance;

c.      weather conditions.

## SECTION I- LOSSES NOT INSURED
(as modified by Endorsement FE-5398)

Item 1.i. is replaced with the following:

i.      wet or dry rot.

34.     Additionally, the Policy provides that actual repair or replacement of the damaged property is a condition precedent to payment of the claim at replacement cost value. Plaintiffs have failed to make actual repairs or replacement of the damaged property; thus, they are only entitled to recover the actual cash value at the time of loss for the damaged property.  The Policy states as follows:

## SECTION I – LOSS SETTLEMENT

\* \* \* \* \*

1.      **A1 – Replacement Cost Loss Settlement – Similar Construction.**

a.      We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

(1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damages part of the property;

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3) to receive any additional payments on a replacement cost basis, you must complete the repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL – Building Ordinance or Law Coverage.**

      b.  Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A - DWELLING EXTENSION.

35.    Plaintiffs' causes of action fail because Plaintiffs' damages occurred prior to the inception of the policy period at issue in this suit. Pursuant to the following provision of the policy, coverage is limited to loss which occurs within the time period during which the Policy was in effect:

<strong>SECTION I AND SECTION II - CONDITIONS</strong>

      a.  Policy Period. This policy applies only to loss under Section I … which occurs during the period this policy is in effect.

36.    Defendant asserts Plaintiffs failed to comply with their Duties After Loss in that they failed to give immediate notice of a loss, to the extent they allege property damage not previously reported.

37.    Under Texas law, Plaintiffs cannot recover consequential damages for breach or repudiation of an insurance policy. *See Standard Fire Insurance Co. v. Fraiman*, 588 S.W. 2d 681, 683 (Tex. Civ. App. – Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Gross v. Connecticut General Life Insurance Co.*, 390 S.W. 2d 388, 390 (Tex. Civ. App. – El Paso 1965, no writ); *see also Universe Life Insurance Co. v. Giles*, 950 S.W. 2d 48, 60 (Tex. 1997) (Hecht, J., concurring in judgment) (insured's remedy for breach of contract "does not ordinarily include consequential damages").

38.    Plaintiffs are precluded from recovering any attorney fees under the doctrine of excessive demand. "The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith …. If a claimant demands monies to which they [sic] are not entitled, that demand is unreasonable and consequently excessive." *See Wayne v. A.V.A. Vending, Inc.*, 52 S.W. 3d 412, 418 (Tex. App. – Corpus Christi 2001, pet. denied) (citing *Findlay v. Cave*, 611 S.W. 2d 57, 58 (Tex. 1981) and *Ingham v. Harrison*, 148 Tex. 380, 385-386, 224 S.W. 2d 1019, 1022 (Tex. 1949)).

39.     Defendant also asserts the Suit Against Us provision of the policy which precludes Plaintiffs' suit against Defendant unless there has been compliance with the policy provisions and the action is brought within 2 years and one day after the cause of action accrues.

40.     Plaintiffs' claims are barred, in whole or in part, to the extent that granting the relief alleged by Plaintiffs would result in unjust enrichment.

41.     To the extent Plaintiffs failed to make repairs or replacement paid for by Defendant, Defendant asserts failure to mitigate as an affirmative defense to any exacerbated damage caused as a result.

42.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' alleged damages or losses were caused or aggravated by the actions or inactions of Plaintiffs, persons acting on Plaintiffs' behalf, or third parties for whom Defendant is not legally responsible.

43.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs allege or otherwise seeks to invoke the doctrines of waiver or estoppel in this action. The doctrines of waiver and estoppel cannot be used to change, re-write or otherwise enlarge the risks covered by an insurance policy, and may not be used to establish coverage for risks expressly excluded from the insurance policy. *See, e.g., Minnesota Mutual Life Insurance Co. v. Morse*, 487 S.W. 2d 317, 319 (Tex. 1972); *Washington National Insurance Co. v. Craddock*, 109 S.W. 2d 165, 166-167 (Tex. 1937); *Great American Reserve Insurance Co. v. Mitchell*, 335 S.W. 2d 707, 708 (Tex. App. – San Antonio 1960, writ ref'd n.r.e.).

44.     In the alternative, and to the extent, if any, that other persons or entities caused any of the damages supposedly sustained by Plaintiffs, then Defendant was and is subrogated to Plaintiffs' claims against and entitled to reimbursement from all such other persons or entities by virtue of the payment or payments made or to be made by State Farm Lloyds incident to Plaintiffs' insurance claim.

### III.    <u>VERIFIED PLEA IN ABATEMENT</u>

### A.    INTRODUCTION AND BACKGROUND FACTS

45.    On August 26, 2019, Plaintiffs filed an Original Petition against Defendant State Farm Lloyds. Plaintiffs' Original Petition asserts causes of action against State Farm based upon the handling of Claim No. 53-1221-P51, a claim for damage to the Plaintiffs' property located at 7675 FM 2046, Sinton, Texas 78387-9753, as a result of a "massive hurricane" that occurred on or about August 25, 2017[1].

46.    Plaintiffs' Original Petition seeks damages based on an alleged breach of the insurance contract and alleged violations of the Texas Insurance Code, §541 and §542.

47.    However, Plaintiffs filed their Original Petition without providing Defendant the statutory notice required by the Texas Insurance Code. Specifically, Plaintiffs sent State Farm a letter dated August 22, 2018 that failed to comply with Section 542A.003(b) because (1) Plaintiffs failed to provide State Farm sufficient notice of the specific facts giving rise to Plaintiffs' complaint instead reciting general violations as set out by the Texas Insurance Code, and Plaintiffs' general statement that $27,000.00 is owed under the policy does not comply with the intent of the statute; and (2) Plaintiffs also failed to provide the amount of reasonable and necessary attorney's fees incurred by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.  Plaintiffs state, instead, they have incurred $1,750.00 in attorney's fees but fail to provide the hourly rate and number of hours used to calculate the amount of reasonable and necessary attorney's fees incurred by the claimant. TEX. INS. CODE §542A.003.

48.    Abatement of this action is mandatory under TEX. INS. CODE § 542A.005(b), because Plaintiffs failed to comply with Section 541 and 542A.003(b) of the Texas Insurance Code, and

---

[1]    *See* Plaintiff's Original Petition, ¶IV.

Defendant has timely filed this Verified Plea in Abatement less than 30 days after it filed their Original Answer.

## B.    ARGUMENT AND AUTHORITIES

49.    Texas House Bill 1774, which added Chapter 542A to the Texas Insurance Code, became effective for actions filed on or after September 1, 2017. TEX. INS. CODE § 542A.001, *et seq.* Chapter 542A applies to a "first-party claim . . . made by an insured under an insurance policy providing coverage for real property or improvements to real property . . . [that] arises from damage or loss of covered policy caused, wholly or partly, by forces of nature, including . . . hail, wind, . . . or a rainstorm." TEX. INS. CODE § 542A.001(2)(A) & (C). Because Plaintiffs' action was filed after September 1, 2017 and asserts first party insurance claims arising from hurricane damage[2] that allegedly damaged Plaintiffs' residential property, Chapter 542A applies.[3]

50.    In accordance with Texas Insurance Code Section 542A.003, any "person"[4] against whom or which an action is filed to recover damages is entitled to written notice of each claimant's specific complaints against them, the alleged amount of actual damages being sought, and a calculation of attorney's fees purportedly incurred by the claimant as reflected in contemporaneously-kept time records not later than the 61st day before the suit is filed. TEX. INS. CODE § 542A.003 specifically provides:

> **In addition to any other notice required by law or the applicable insurance policy,** not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.

---

[2]    *See* Plaintiff's Original Petition, ¶IV.
[3]    Texas Insurance Code §542A.
[4]    As defined by Chapter 542A, "'person' means a corporation, association, partnership, or other legal entity or individual." TEX. INS. CODE § 542A.001**(5).**

The notice required under this section must provide:

a statement of the acts or omissions giving rise to the claim;

the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

the amount of reasonable and necessary attorney's fees **incurred** by the claimant, calculated by multiplying the number of hours **actually worked** by the claimant's attorney, as of the date the notice is given and **as reflected in contemporaneously kept time records**, by an hourly rate that is customary for similar legal services. *Id.* (emphasis added).

Additionally, if the claimants' attorney provides the notice, the attorney must also provide a copy of the notice to the claimant and state in the notice that notice was provided to the claimant. TEX. INS. CODE §542A.003(c).

51.    Giving proper notice under Chapter 542A of the Texas Insurance Code does not relieve a claimant of their "obligation to give notice under any other applicable law." TEX. INS. CODE §542A.001(f). Thus, providing the notice required by §542A.003 does not relieve a Plaintiffs from providing the notice required by Section 541.154 of the Texas Insurance Code, which contains a similar notice requirement.

52.    Giving timely and proper written notice prior to asserting legal claims under the Texas Insurance Code is no mere formality. The Texas courts of appeals have repeatedly recognized the purpose of statutory pre-suit notice requirements are to discourage litigation and encourage settlements of complaints by insureds against their insurer. *See, e.g., In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 7 (Tex. App. – Corpus Christi 2011, orig. proceeding).

53.    Furthermore, the pre-suit notice requirement of the Texas Insurance Code is important because it provides the person who is entitled to proper notice, whether an insurance company or an insurance adjuster, an opportunity "to limit his [or its] damage exposure through an offer of settlement, as contemplated by sections 541.156-.159 of the Insurance Code." *In re Behr*, 2006 WL

468001 at *2-3 (Tex. App. – San Antonio 2006, orig. proceeding) (mem. op.); *see* TEX. INS. CODE §§ 541.156-541.159.  Timely statutory notice also provides the recipient with a statutory window in which to demand an inspection of the property that is the subject of the claim.  TEX. INS. CODE § 542A.004.[5]  The statutory opportunity to demand a property inspection allows the insurer to investigate, and possibly resolve, the insured's dispute without the necessity of litigation. *Compare* TEX. INS. CODE § 542A.005(b) (court may abate action to allow property inspection) and § 542A.005(f) (court may not compel participation in an alternative dispute resolution proceeding until after the abatement period has expired).

54.     Plaintiffs fail to provide the proper pre-suit notice. While Counsel for Plaintiffs sent State Farm a letter that purports to comply with Section 542A and Section 541 of the Texas Insurance Code, the letter failed to meet the requirements of the Texas Insurance Code in at least two material respects.

55.     First, Plaintiffs have failed to provide State Farm Lloyds with sufficient notice of the specific facts that give rise to Plaintiffs' complaint. Section 542A.003(b)(1) states the notice must provide "a statement of the acts or omissions giving rise to the claim." The Insurance Code requires Plaintiffs to set forth specific factual allegations to support their complaint; conclusory allegations and recitations of boilerplate complaints do not meet the requisite standard.  *C.f. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1651, 2010 WL 2636119 at *1-2. (S.D. Tex. 2010).

56.     However, Plaintiffs' "statement of the acts or omissions giving rise to the claim" consists almost entirely of boilerplate complaints.  *See* Exhibit A. Plaintiffs describe the claim and damages in general terms. *See id.* Though Plaintiffs state their home suffered damage to the roof, exterior

---

[5]     If an inspection of the property is requested under Texas Insurance Code Section 542A.004, but the party requesting the inspection is not provided a reasonable opportunity to inspect, photograph, or evaluate the property, abatement is also required.  TEX. INS. CODE § 542A.004(b)(2).

elevations and interior, this conclusory, non-specific and general allegation falls well short of the notice required by the Insurance Code.

57.     While Plaintiffs purport to state "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property" as required by Section 542A.003(b)(2), without the corresponding factual assertions that identify what was omitted (*i.e.* the acts or omissions) from Defendant's estimate and payments, the statement that $27,000.00 is "owed under the policy" does not effectuate the purpose of the statute.

58.     Second, Plaintiffs admit in the letter itself that they have failed to provide the amount of reasonable and necessary attorney's fees they have incurred as required by Section 542A.003(b)(3) which states Plaintiffs must identify the amount of attorney's fees "incurred," based on the hours their attorney "actually worked" "as of the date [of] the notice" and substantiated by "contemporaneously kept time records." *See* TEX. INS. CODE § 542A.003(b). Plaintiffs state $1,750.00 as reasonable and necessary attorney's fees "incurred," but acknowledge that this is not calculated based on the number of hours actually worked based on contemporaneously kept time records. *See* Exhibit A.  Plaintiffs fail to state how many hours their attorneys actually worked as of the date of the letter and fail to include the hourly rate applied to those services. *See id.*

59.     Because Plaintiffs failed to provide Defendant with the proper written notice under Sections 542A.003 of the Texas Insurance Code and Section 541.154 of the Texas Insurance Code before they filed suit, this lawsuit must be abated until the 60th day after the date a notice complying with Texas Insurance Code Section 542A.003 and Texas Insurance Code 541.151 is provided.  *See* TEX. INS. CODE § 542A.005(e)(1); TEX. INS. CODE. § 541.155(d). Defendant State Farm moves this Court to abate this lawsuit because of the lack of proper, compliant pre-suit notice, as required under the Texas Insurance Code.

60.     As Defendant filed this Verified Plea in Abatement not later than the 30th day after they filed their Original Answer, the abatement of this lawsuit is automatic beginning on the 11th day after Defendant's Verified Plea in Abatement is filed unless Plaintiffs controvert by affidavit Defendant's denial that the proper statutory notice was given before they filed suit. *See* TEX. INS. CODE §542A.005(c); TEX. INS. CODE. § 541.155(d).

## IV.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant STATE FARM LLOYDS requests judgment of the Court that Plaintiffs takes nothing by this suit, and that Defendant be awarded costs and such other and further relief to which they may be justly entitled.

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800
Facsimile: 956-928-9564

*/s/ Elizabeth Sandoval Cantu*
Dan K. Worthington
State Bar No. 00785282
dworthington@ramonworthington.com
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com

**Electronic Service to:**
efile@ramonworthington.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 30, 2019, a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

David M. Anderson
Stephen P. Carrigan
CARRIGAN & ANDERSON, PLLC
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
T: (361) 884-4433
F: (361) 884-4434
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com
*Attorneys for Plaintiffs*

*/s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu

**STATE OF TEXAS**
**COUNTY OF** _Dallas_                          §
                                                §

## VERIFICATION

Before me, the undersigned authority, on this day personally appeared Joshua Cole, known to me to

be the person whose name is subscribed to the foregoing, instrument, and a person known by me to

be over the age of eighteen, and on his oath he testified that he has reviewed the facts set forth in

Defendant State Farm Lloyds' Verified Plea in Abatement regarding the sufficiency of the notices

provided by Plaintiff to State Farm Lloyds, and that such facts are within his personal knowledge,

based on his review of relevant documents and notices, and are true and correct.


_____ _John Cole_
Joshua Cole


Given under my hand and seal of office on this _27th_ day of _September_, 2019.




Notary Public in and for the State of Texas


CALVIN COOLIDGE FLUKER, III.
Notary Public, State of Texas
Comm. Expires 09-07-2020
Notary ID 130811157

# EXHIBIT A

# CARRIGAN & ANDERSON, PLLC

### 3100 TIMMONS LANE, SUITE 210
### HOUSTON, TEXAS 77027

Telephone:                                                                                      Facsimile:
713-739-0810                                                                                   713-739-0821

**NOTICE LETTER**
August 22, 2018

**CMRRR: 7017 1450 0000 4553 9692**
**Via Fax: 844-236-3646**
State Farm Lloyds
PO Box 799100
Dallas, TX 75379-9100

|  | | |
|---|---|---|
| Re: | Insured: | Yolanda & Fidencio Guerrero |
| | Policy No.: | 83-91-9900-9 |
| | Claim No.: | 531221P51 |
| | Property: | 7675 FM 2046, Sinton, TX 78387-9753 |

Dear Sirs/Madams:

Our firm represents Yolanda & Fidencio Guerrero in connection with the claim for damages to the property located at 7675 FM 2046, Sinton, TX 78387-9753. As you are well aware, Yolanda & Fidencio Guerrero made a claim against the insurance policy for damages relating to Hurricane Harvey, which occurred August 25, 2017. Our client's roof sustained extensive damage during the hurricane. The home also sustained substantial damage to the interior as well as the exterior elevations during the hurricane.

State Farm Lloyds inspected the damages on or about September 16, 2017. Despite my client's voiceful objection, State Farm Lloyds made the decision to severely underscope and undervalue the damage to both the exterior and interior of the home. Specfically, the adjuster failed to properly account for damages to the outbuidings, interior and exterior of the home. Aditionally, the adjuster omitted damages and necessary repairs to the roof and exterior elevations. Despite much objection from my client, the claim remains unpaid/underpaid.

Undoubtedly, you are aware of your liability to our client under the Texas Insurance Code, which specifically covers unfair settlement of claims. Specifically, you are liable to Yolanda & Fidencio Guerrero for the following violations of the Texas Insurance Code:

(1)     Misrepresenting and/or failing to discuss with Yolanda & Fidencio Guerrero pertinent facts or policy provisions relating to coverage as an issue, in violation of TEX. INS. CODE ANN. § 541.060(a)(1);

August 22, 2018
Page 2

(2)     Failing to acknowledge, with reasonable promptness, pertinent communications
        with respect to the claim arising under the policy, in violation of TEX. INS. CODE
        ANN. § 542.003(b)(2);

(3)     Failing to adopt reasonable standards for prompt investigation of the claim arising
        under the policy, in violation of TEX. INS. CODE ANN. § 542.003 (b)(3);

(4)     Not attempting in good faith to effectuate prompt, fair, and equitable settlement of
        the claim submitted in which liability has become reasonably clear, in violation of
        TEX. INS. CODE ANN. § 541.060(a)(2)(A);

(5)     Failing to provide promptly to a policyholder a reasonable explanation of the
        basis in the insurance policy, in relation to the facts or applicable law, for denial
        of the claim or for the offer of a compromise settlement, in violation of TEX. INS.
        CODE ANN. § 541.060(a)(3);

(6)     Failing to affirm or deny coverage of claim to a policyholder within a reasonable
        time after proof of loss statements have been completed, in violation of TEX. INS.
        CODE ANN. § 541.060(a)(4); and

(7)     Refusing to pay the claims without conducting a reasonable investigation based
        upon all available information, in violation of TEX. INS. CODE ANN. §
        541.060(a)(7).

Furthermore, the delay in payment to Yolanda & Fidencio Guerrero is also in violation of
Texas Insurance Code § 542.055, et seq., thus triggering liability on your part to pay the amount
of the claim, plus damages consisting of statutory interest, along with prejudgment interest and
reasonable attorney's fees.

As you are also well aware, the Texas Legislature, at the request of the Insurance
Industry, has recently changed the notice requirements in cases such as this one.  The new pro
insurance industry law requires that an exactly accurate demand for damages owed under the
policy be presented prior to suit. This is required even though the property owner may not have a
copy of the full policy in place detailing the coverages and exclusions. Further the insured will
not have been afforded the ability to obtain any documentation from the insurance company.
This of course is an impossible task, but yet another way the insurance industry can shortchange
the property owner. This is true because the new law requires a reduction (or outright loss) of the
ability to recover ones attorney's fees if an estimate of damages turns out to be higher than what
the jury awards.

Additionally, prior to these changes made at the request of the Insurance Industry, an
aggrieved property owner had the ability to send a notice and demand letter in an amount that
would fairly compensate them for the damages to their property and for the expense of having to
retain an attorney. As you also are very aware, the new law dictates that one's attorney must now
give notice of their fees incurred as of the date of the notice letter, using an hourly rate, despite

August 22, 2018
Page 3

the fact that these cases are almost universally handled on a contingent fee basis. The reason for contingency fees is that your average homeowner cannot afford to spend thousands upon thousands of dollars on attorney's fees to take the chance of winning or losing at trial. This is precisely why attorneys such as this firm are willing to take these cases on a contingent fee basis, where the firm risks substantial loss. As you also are very aware, the new Insurance Industry changes make certain that any demand made prior to suit will never be sufficient to fairly compensate the property owner and is used as a ploy by the insurance industry to force a property owner into taking a settlement offer that will not allow him/her to ever be fully compensated.

Finally, another change made at the request of the Insurance Industry is that this very notice letter is to be presented to the jury as an exhibit at trial. The purpose behind this change is because the Insurance Industry would like to submit to the jury that the property owner's notice was unreasonable and excessive, hoping that the jury will award less than the initial demand. This of course is because, as explained above, the new Insurance Industry changes to the law state that if the jury awards less that such demand, the property owner may be prevented from recovering attorney's fees, making sure he/she will never be made whole. All of this despite the fact that the property owner may be without sufficient information to determine the exact coverage afforded under the insurance policy in question.

Accordingly, on behalf of Yolanda & Fidencio Guerrero, notice of the information required under the new law is hereby given under 541.154 and 542(a).003 of the Texas Insurance Code as follows:

| | | |
|---|---|---|
| 1. | $ 27,000.00 | owed under the policy (this amount is subject to treble damages under the DTPA and Insurance Code at this time); and |
| 2. | $ 1,750.00 | in "incurred" attorney's fees, which you should note will increase as we prepare this case for trial. You should also note, that while the Texas Insurance Code now requires this notice letter to contain a fee calculation based on the hours worked to date, the reality is that my clients and this firm have a contingency fee agreement. As such, my clients have in reality "incurred" more in attorney's fees that the $1,750.00. |

At this time and in any trial of this matter we expect to recover actual damages listed above, along with damages for mental anguish, prejudgment interest, and attorney's fees for breach of the duty of good faith and fair dealing you owe to our clients. In addition, please be aware that recovery in the form of treble damages and additional penalties is also being sought.

08/22/2018    16:21 The Carrigan Law Firm                    (FAX)361 884 4434            P.005/005

August 22, 2018
Page 4

    This correspondence will also serve as notification that, pursuant to the Texas Civil Practice & Remedies Code § 38.001, et seq., you may be required to pay reasonable attorney's fees due to your failure to perform as per the terms of the insurance contract entered into with Yolanda & Fidencio Guerrero.  Such payment is a result of Yolanda & Fidencio Guerrero's retainment of our legal services to pursue their remedy for damages, and would be paid in addition to the amount of a valid claim for contractual benefits and costs.

    As Yolanda & Fidencio Guerrero are anxious to have this matter resolved promptly, we trust you will immediately respond, in writing, to this formal notice letter.  From this point forward, we are the only contact for you or your attorney regarding this matter.  Please forward a copy of this letter to your insurance representative for his or her review.

    If you have any questions regarding this matter or need additional information, please feel free to contact this office.  However, please do not contact Yolanda & Fidencio Guerrero, either orally or in writing, without prior express written permission.  Thank you for your attention to this matter. A copy of this letter has been provided to Yolanda & Fidencio Guerrero.

                    Sincerely,
                    CARRIGAN & ANDERSON LAW FIRM, PLLC

                    David M. Anderson

# EXHIBIT 1-E

# CASE SUMMARY
## CASE NO. S-19-5838CV-A

| | | | |
|---|---|---|---|
| **YOLANDA GUERRERO AND FIDENCIO GUERRERO, Plaintiffs** | § | Location: | **36th District Court** |
| **v.** | § | Judicial Officer: | **Bauer, Starr Boldrick** |
| **STATE FARM LLOYDS, Defendant** | § | Filed on: | **08/26/2019** |

---

### CASE INFORMATION

Case Type: **Consumer/Commercial/Debt**

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 09/30/2019 | Answer<br>*Def's First Amended Answer to Pltf's Original Petition and Verified Plea in Abatement* |
| 09/26/2019 | Answer<br>Party:  Defendant  STATE FARM LLOYDS<br>*DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION* |
| 08/29/2019 | **Service by Certified Mail**<br>STATE FARM LLOYDS<br>Served:  09/03/2019 |
| 08/29/2019 | Citation by Certified Mail<br>*ISS TO STATE FARM LLOYDS-#7018 3090 0002 1882 7347* |
| 08/26/2019 | Request for Issuance |
| 08/26/2019 | Original Petition (OCA) |

*Printed on 09/30/2019 at 4:45 PM*